# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel., **LINDA R. HASELOH,** | Case No. 8:12CV240 |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| **SAUNDERS MEDICAL CENTER,** | |
| Defendant. | |

This matter is before the Court on the joint motion of the parties, for a protective order. (Filing 25.) The motion is granted.

**IT IS HEREBY ORDERED** as follows:

1. Pursuant to Fed. R. Civ. P. 26, this protective order is entered by the Court, covering documents and information produced by the parties to any other party or the parties' counsel, whether produced voluntarily or by Court rules or order of the Court, or other legal process during this litigation.

2. Plaintiff has issued discovery requests to Defendant Saunders Medical Center ("SMC"), some of which seek confidential documents including, without limitation, documents containing Protected Health Information ("PHI"), which is protected from disclosure by HIPAA and may be protected by other state and federal law.

3. Plaintiff (and her attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive documents containing PHI or other confidential information subject to the conditions outlined herein.

4. As a "covered entity" (as defined by 45 CFR § 160.103), SMC is hereby authorized to disclose responsive documents containing PHI to Plaintiff's attorneys or the attorneys of other parties who may become of record in this litigation in the future subject to the conditions outlined herein. This provision does not prohibit Defendant from objecting to future requests on other grounds, such as relevancy.

5. This protective order applies to the following categories of information (hereinafter "Protected Information"):

    a. PHI: For the purposes of this protective order, PHI shall have the same scope and definition as set forth in 45 CFR § 160.103 and § 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information relating to either,

        (i) the past, present or future physical or mental condition of an individual,

        (ii) the provision of care to an individual,

        (iii) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual; or

        (iv) documents containing the name, social security number, or other identifying information pertaining patients.

    b. Documents sought in discovery, which while not PHI, refer in any way to specific patients, by name, who were patients of SMC;

    c. Documents containing proprietary business information, trade secrets, customer lists, financial information which is not otherwise

2

public (including any and all tax information and tax returns as well as tax return supporting documentation), personnel files, performance information, disciplinary information, payroll information, benefit information, or leave information;

  d. Documents containing statements or information about the internal policies or procedures of SMC;

  e. If any party believes any discovery requested of that party concerning matters not otherwise described above as confidential seeks discovery of confidential or proprietary information then that party may produce responsive materials marked "CONFIDENTIAL MATERIALS" and such materials shall then constitute Protected Information, unless otherwise ordered by the Court;

  f. Copies made from any such documents or discovery materials as described in paragraphs (a) through (f) above;

  g. Documents containing information summarizing such documents and/or discovery materials described in paragraphs (a) through (g) above.

 6. When produced in discovery, all Protected Information shall be clearly designated as "CONFIDENTIAL MATERIALS."

 7. To the extent any party claims any testimony within any deposition transcript should be treated as Protected Information, the party so claiming shall identify in writing to all counsel such portions of the deposition transcript deemed to be Protected Information within thirty (30) business days following

the service of the Errata Sheet upon the deponent by the official reporter who took the deposition. To the extent any portion of a deposition transcript is required for purposes of this litigation prior to the written identification required in this paragraph or prior to the completion of thirty business days following service of the Errata Sheet upon the deponent by the official reporter who took the deposition, such deposition transcript or portions thereof utilized shall be treated as if Protected Information until written identification required herein or the close of the thirty business days identified herein are completed. The identification required in this paragraph shall include all documents used as exhibits in any deposition, with the exception of those documents that had been previously designated as encompassed within this Protective Order.

8. Access to Protected Information, shall be limited to the following Qualified Recipients:

a. Attorneys representing a named party in this action including all attorneys and other support staff who are employed by counsel and who have been advised of this Order;

b. The parties and their employees;

c. Stenographers or videographers who take and transcribe testimony, as well as necessary secretarial and clerical assistants. Any stenographer or videographer who records testimony in this action at a deposition shall be provided with a copy of this Order by the party noticing the deposition. The noticing party shall advise the stenographer and/or videographer, before any testimony is taken, that all Protected Information is

4

and shall remain confidential and shall not be disclosed except as provided in the Order.  The noticing party shall further advise the stenographer and/or videographer that copies of all transcripts, reporting notes, videos, DVDs, and all other records of any such testimony containing Protected Information must be treated in accordance with the Order.

   d. Experts or consultants who (i) are specially retained to assist with this litigation, (ii) are not a current employee of a party or subsidiary or affiliate of a party;

   e. A person who prepared, received, or reviewed the Protected Information prior to its production in this litigation;

   f. A witness at any deposition or other proceeding in this action and his or her counsel, provided that such witness is only shown Protected Information during his or her testimony or in preparation for such testimony;

   g. Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action; and

   h. The Court under seal.

 9. Protected Information shall be used or disclosed solely for the purpose of this action and in accordance with the provisions of this Order.  Protected Information shall not be used or disclosed for use in any other litigation or other proceeding or for any other purpose, except by Court order or as otherwise required by law.  Protected Information shall only be disclosed to Qualified Recipients, as set forth above in paragraph 8.  Each recipient of

Protected Information shall use his/her/its best efforts to maintain all Protected Information in such a manner as to prevent access by individuals who are not Qualified Recipients.

10. Each recipient of Protected Information shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of Protected Information.

11. The parties and their attorneys shall inform each person to whom they disclose or give access to Protected Information the terms of this Order and shall inform the person of his or her obligation to comply with the terms of the Order. Recipients of any Protected Information agree to subject himself/herself/itself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree to inform each person to whom they disclose or give access to Protected Information that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief.

12. A copy of this Protective order shall be served with every subpoena or Notice of Deposition served upon nonparty deponents. A non-party witness may designate any document it believes contains confidential or proprietary business information and/or trade secrets as Protected Information pursuant to this Protective Order by stamping it with such designation prior to production.

13. Each expert or consultant who is expected to be called as a witness at trial or used as a consulting expert and to whom a party plans to disclose Protected Information shall be identified to opposing counsel by name and position at least ten (10) days prior to the date of any such proposed disclosure, and shall agree to be bound by the terms of this Protective Order. If opposing counsel provides notice of objection to the disclosure of confidential information to the expert, disclosure shall not be made until the objection is resolved by agreement or Court order.

14. Any Protected Information submitted to the Court shall be filed under seal. If Protected Information is offered into evidence at a hearing, trial, or other judicial proceeding, the party offering the Protected Information shall notify the Court and the evidence shall be maintained by the Court under seal.

15. After this litigation is terminated by the entry of a final and non-further appealable order or upon the decision by the parties not to appeal further, or by settlement, within thirty (30) days thereof, any party holding Protected Information shall certify the return or destruction of all copies to the party who initially produced the Protected Information.

16. This Order shall survive the final termination of this action and shall be binding on the parties and their legal counsel at all times in the future.

17. Nothing in this Protective Order shall limit any party or person in its use of its own documents, or from disclosing its own documents and information, or from any use of documents or other discovery not designated as "Protected Information."

18. A party's waiver of any rights under this Protective order must be made in writing or, if at a deposition or in Court, on the record.

19. This Protective Order shall be without prejudice to the right of any party to object to the production of any documents, or any testimony, or inspection upon any appropriate grounds, and nothing contained shall be construed as a waiver of any objection which might be raised as to the admissibility of evidentiary materials at trial or any hearings held.

**DATED May 29, 2014.**

                        **BY THE COURT:**

                        **S/F.A. Gossett**
                        **United States Magistrate Judge**