IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>ex rel., LINDA R. HASELOH,  )<br>                                              )<br>           **Plaintiff,**               )<br>                                              )<br>      V.                                  )<br>                                              )<br>**SAUNDERS MEDICAL CENTER, a**  )<br>**statutorily-created division of**     )<br>**Saunders County, Nebraska,**       )<br>                                              )<br>           **Defendant.**             ) | **8:12CV240**<br><br><br><br><br>**ORDER** |

Plaintiff has moved to amend her Complaint so as to add a slander/defamation claim against Defendant Saunders Medical Center ("SMC"). (Filing 31.) Defendant opposes the motion.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Plaintiff's motion to amend will be denied as futile. *See Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss"). Tort actions against political subdivisions of the State of Nebraska, such as SMC,[1] are governed by the Political

---

[1] The Complaint alleges that SMC is "a statutorily-created division of Saunders County, Nebraska." (Filing 1.) Nebraska courts have recognized that hospitals created by a political subdivision pursuant to statute are covered by the Political Subdivisions Tort Claims Act. *See Green v. Box Butte General Hospital*, 284 Neb. 243, 250, 818 N.W.2d 589, 595 (2012) (applying Political Subdivisions Tort Claims Act to a county hospital); *Noll v. Valley County Hospital*, 212 Neb. 22, 321 N.W.2d 66 (1982) (same).

Subdivisions Tort Claims Act. *McKenna v. Julian*, 277 Neb. 522, 527, 763 N.W.2d 384, 389 (2009). The Act removes, in part, "the traditional immunity of subdivisions for the negligent acts of their employees." *Id*. However, the Act does not apply to, and therefore does not waive immunity as to, any claim arising out of "libel, slander, misrepresentation, deceit, or interference with contract rights." Neb. Rev. Stat. § 13-910. Because SMC is immune from claims arising out of slander, Plaintiff's proposed amendments to the Complaint would not withstand a motion to dismiss.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (filing 31) is denied.

**DATED September 9, 2014.**

                                         **BY THE COURT:**

                                         **S/ F.A. Gossett**
                                         **United States Magistrate Judge**